<hr />

### RUST v. TUCKER.

### SAME v. PILKINTON.

(Court of Appeals of District of Columbia. Submitted December 14, 1922. Decided March 5, 1923.)

#### Nos. 3833, 3834.

Landlord and tenant ⬷200(1½)—Rent for two apartments in building must be computed on proportion to value of building.

Where the commission is asked to fix the rents of only two apartments in an apartment building, the rates fixed by it should be based on the proportion of the value of the apartments to the value of the entire property, and an order reducing the rents on those two apartments only, which would still leave the landlord a sufficient income from the building as a whole, but which would be confiscatory if the same rate of reduction was applied to other apartments, entered without considering the relative value of the apartments, must be reversed.

Appeals from the Rent Commission.

Separate proceedings by George W. Tucker and by R. E. Pilkinton against H. L. Rust, to have the rental on two apartments fixed by the Rent Commission. From the order fixing the rents, the landlord appeals. Reversed and remanded.

Joseph T. Sherier, of Washington, D. C., for appellant.

Chapin Brown, of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. These appeals are from orders of the rent commission fixing rental rates on two apartments in the Lamont apartment building in the city of Washington.

The testimony of the witnesses examined as to the value of the property varied from $60,000 to $70,000. The commission, based upon a personal inspection of the premises, determined the fair market value of the property to be $52,500. It is unnecessary to enter into the question of valuation in detail, since it is apparent that the decision was reached through a false method of computation.

The prevailing schedule of gross rents for the year of 1921, produced a net income, after proper deductions for expenses and depreciation, of 5½ per cent. on a valuation of $60,000 or 6⅓ per cent. on the valuation found by the commission, $52,500. The reduced rate fixed upon the two apartments, added to the prevailing rate received from the balance of the building, would perhaps net about 6 per cent. on the Commission's valuation. But this is a false system of computation. Instead of revising the rental rates upon the entire building, as the commission might have done, it merely readjusted the rates on the two apartments in question. If the reduction, applied to the two apartments, had been applied to the entire building, the net income would have been reduced to about 3 per cent. on the commission's valuation. The rates fixed upon the two apartments concerned should have been based upon the value of these apartments "in the proportion which their value bears to the value of the entire property." Karrick v. Cantrill et al., 51 App. D. C. 176, 179, 277 Fed. 578, 581.

The orders of the rent commission are reversed, with costs, and the causes are remanded for further proceedings.